IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PENNY HICKEY, and | ) | |
| LAWRENCE HICKEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Case No. 11-cv-0385-MJR-PMF |
| | ) | |
| HONORABLE GENE SCHWARM, | ) | |
| JUDGE WILLIAM BECKER, | ) | |
| HONORABLE ERICA SANDERS, | ) | |
| STEVE FRIEDLE, | ) | |
| STATE OF ILLINOIS, | ) | |
| FAYETTE COUNTY, ILLINOIS, | ) | |
| DENNIS CARIE, | ) | |
| JULIE TALLEY, | ) | |
| KELLY HAGERTY, | ) | |
| JANET REDIKER, | ) | |
| CASSANDRA CRAWFORD, | ) | |
| SHELLY HUSEMANN, | ) | |
| CARLA KUNTZ, | ) | |
| MARGARET YOUNG, | ) | |
| DANIEL HAUTER, and | ) | |
| RYAN CONNOR, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**REAGAN, District Judge:**

Plaintiffs Penny and Lawrence Hickey, proceeding pro se, have filed suit pursuant to 42 U.S.C. § 1983, alleging they were denied due process in connection with their daughter[1] being placed in foster care and allegedly being abused (Doc. 1). In accordance with 28 U.S.C. § 1367,

---

[1] A letter attached to the complaint indicates that the Hickey's may be grandparents who purportedly adopted their grandchild, but the adoption may not have been recognized by the State. (*See* **Doc. 1-1, p. 1.**)

1

Plaintiffs also appear to invoke the Court's supplemental jurisdiction over related state law claims. Contemporaneously with filing the complaint, Penny and Lawrence Hickey, individually, have moved to proceed in forma pauperis (without prepaying fees or costs) (Doc. 2), for appointment of counsel (Docs. 5 and 6), and for service of process at government expense (Docs. 7 and 8). This case also is before the Court for threshold subject matter jurisdiction review.

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." ***Winters v. Fru–Con, Inc.,* 498 F.3d 734, 740 (7 th Cir.2007),** *quoting **McCready v. White,* 417 F.3d 700, 702 (7th Cir.2005),** and *citing **Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998).** So, when a new lawsuit is filed in this Court, the complaint must be examined to make sure that federal subject matter jurisdiction lies over the lawsuit. Additionally, if the plaintiff wants to proceed in forma pauperis (as do Plaintiffs here), the district court must screen the complaint and dismiss with prejudice any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* **28 U.S.C. § 1915(e)(2);** *Gladney v. Pendleton Corr. Facility,* **302 F.3d 773 775 (7th Cir. 2002).** More specifically, 28 U.S.C. § 1915(a)(1) authorizes a federal district court to allow a civil case to proceed without prepayment of fees, if the movant submits an affidavit that includes a statement of all assets he possesses which demonstrates that he is unable to pay the fees or give security therefor. However, 28 U.S.C. § 1915(e)(2) requires this Court to carefully scrutinize the in forma pauperis motion and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

As a preliminary matter, the Court finds that, based on Plaintiffs' affidavit (Doc. 2),

both Penny and Lawrence Hickey are unable to pay the costs of these proceedings. Therefore, the Court will proceed to review the claims asserted and to ensure there is subject matter jurisdiction.

The named defendants are three State judges, the State's Attorney, DCFS employees, child care workers, the child's attorney, the child's guardian ad litem, Fayette County, Illinois, and the State of Illinois. Plaintiffs' statement of their claims is nothing more than a list of 13 succinct assertions, for example: "1. Failed to Allow our DUE PROCESS. DCFS, all 3 Judges, and States Attorney, Steven Friedel[;] 2. Violation of our 4th and 14th amendment Rights. DCFS, All 3 Judges, and Steven Friedel, States Attorney. . . ." [sic] (Doc. 1, p. 7).

Federal Rule of Civil Procedure 8(a) requires only a short, plain statement of a claim. Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).** Hence, the so-called "liberal notice pleading" standard. **Brooks v. Ross, 578 F.3d 574, 580-581 (7th Cir. 2009).** However, the Supreme Court has further specified that the complaint must allege a plausible theory of liability against each defendant, and must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." **Bell Atlantic Corp, 550 U.S. at 555; Sheridan v. Marathon Petroleum Co., LLC, 530 F.3d 590, 596 (7th Cir. 2008); Limestone Dev. Corp. v. Village of Lemont, Ill., 520 F.3d 797, 803-804 (7th Cir. 2008).** "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." **Bell Atlantic Corp., 550 U.S. at 556.** The claim must be "plausible," raising "a reasonable expectation that discovery will reveal evidence" supporting the allegations. **Id.**

Not withstanding those lenient standards, Federal Rule of Civil Procedure 12(e)

provides that a more definite statement may be required if the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. Nevertheless, a pleading that is merely confusing is not ordinarily a fatal defect. *Fidelity National Title Insurance Company of New York v. Intercounty National Insurance Company*, **412 F.3d 745, 749 (7th Cir. 2005).** Plaintiffs' complaint, as drafted, cannot pass muster under these standards.

A claim under 42 U.S.C. § 1983 must allege the violation of a right secured by the constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.[2] *West v. Atkins,* **487 U.S. 42, 48 (1988);** *see also Heyde v. Pittenger*, **633 F.3d 512, 516-517 (7th Cir. 2011).** Plaintiffs offer no more than 13 conclusory statements, that do not even vaguely indicate who did what to whom. Because Plaintiffs are proceeding pro se, the Court will afford them an opportunity to file an amended complaint that comports with federal pleading standards.

Although an attorney could surely redraft the complaint more artfully than Plaintiffs, who are not trained attorneys, there is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. *Jackson v. County of McLean*, **953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).** Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas,* **990 F.2d 319, 322 (7th**

---

[2]Plaintiff must establish subject matter jurisdiction for their federal claims before the Court can address Plaintiffs' supplemental State law claims.

**Cir. 1993)**; *see also Greeno v. Daley*, **414 F.3d 645, 658(7th Cir. 2005);** *see also Pruitt v. Mote*, **503 F.3d 647 (7th Cir. 2007).** In *Pruitt v. Mote,* the Court of Appeals for the Seventh Circuit clarified that the relevant inquiry is whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case– pretrial and at trial. *Id.* The attachments to the complaint, which offer a more detailed explanation of Plaintiffs' concerns, illustrate that Plaintiffs are capable of redrafting the complaint without the assistance of an attorney. Therefore, Plaintiffs' motions for appointment of counsel (Docs. 5 and 6) will be denied at this time.

Once an amended complaint is filed, the Court will resume its review of the sufficiency of subject matter jurisdiction, and rule on Plaintiffs' motions of to proceed in forma pauperis (Doc. 2), and for service of process at government expense (Docs. 7 and 8).

**IT IS THEREFORE ORDERED** that Plaintiffs Penny and Lawrence Hickey's motions for appointment of counsel (Docs. 5 and 6) are **DENIED**.

**IT IS FURTHER ORDERED** that, on or before **August 29, 2011**, Plaintiffs Penny and Lawrence Hickey shall file an amended complaint. Failure to file an amended complaint will result in the dismissal of this action. *See* **Fed.R.Civ.P. 41(b).**

The Court **RESERVES RULING** on Plaintiffs' motions of to proceed in forma pauperis (Doc. 2), and for service of process at government expense (Docs. 7 and 8).

**IT IS SO ORDERED.**

**DATED: August 12, 2011**

                                                                 s/ *Michael J. Reagan*
                                                                 **MICHAEL J. REAGAN**
                                                                 **UNITED STATES DISTRICT JUDGE**